# Third District Court of Appeal

## State of Florida

Opinion filed October 26, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1862
Lower Tribunal No. 14-2571
_____

**Christopher D. Vasallo, Esq.,**
Petitioner,

vs.

**Terrence Bean, et al.,**
Respondents.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

The Powell Law Firm and Brett C. Powell, for petitioner.

Dunwody White & Landon and Jack A. Falk, Jr.; Carlton Fields Jorden Burt and Thomas Meeks; Duane Morris and Marsha G. Madorsky; Kluger, Kaplan, Silverman, Katzen & Levine, Bruce A. Katzen, Ronald C. Dresnick, Jamie L. Zuckerman and Josh M. Rubens; Samson Appellate Law and Daniel M. Samson; Russomanno & Borrello, Herman J. Russomanno, Robert J. Borrello and Herman J. Russomanno III, for respondents.

Before LAGOA, EMAS and FERNANDEZ, JJ.

EMAS, J.

The proceedings below involve an action seeking to revoke probate of two wills, one executed in 2012 and the other in 2013. In that action, four of the testator's children challenge the testamentary capacity of their mother, and assert that the wills were the product of undue influence by a fifth child, the only child named as a devisee in the testator's 2013 will.

The petitioner, Christopher Vasallo, Esq., a non-party to the will contest, was the testator's estate planning attorney, and prepared the wills on his client's behalf and at his client's direction. Mr. Vasallo, asserting attorney-client privilege and confidentiality, seeks certiorari review of the trial court's order which compelled him to answer counsels' questions at deposition relating to the testator's "reasons for disinheriting" the other children.

We deny the petition for writ of certiorari, as petitioner has failed to establish that the trial court's order constitutes a departure from the essential requirements of the law. See § 90.502(4)(b), Fla. Stat. (2016) (providing that "[t]here is no lawyer-client privilege under this section when: . . . A communication is relevant to an issue between parties who claim through the same deceased client.") See also Law Revision Council Note (1976) to § 90.502(4)(b) (noting that "[w]hen multiple parties claim through the same decedent, as in a will contest or a challenge to testate or intestate succession, each party claims to best

2

represent the interests of the deceased. To allow any or all parties to invoke the lawyer-client privilege prevents the swift resolution of the conflict and frustrates the public policy of expeditiously distributing estates in accordance with the testator's wishes. This subsection simply disallows the privilege in favor of the policies stated above") (internal citation omitted); In re Estate of Marden, 355 So. 2d 121, 127 (Fla. 3d DCA 1978) (holding that "[a]n attorney's testimony about a Will drafted by him, after the death of the testator, is not ordinarily privileged.") Petitioner's assertion that the statements made to him by the testator are "confidential" under Rule 4-1.6, Rules Regulating the Florida Bar, is unavailing in this circumstance. See R. Regulating Fla. Bar 4-1.6, cmt. ("The attorney-client privilege [section 90.502] applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality [rule 4-1.6] applies in situations other than those where evidence is sought from the lawyer through compulsion of law"); Coffey-Garcia v. South Miami Hosp., Inc., 194 So. 3d 533, 536 n. 1 (Fla. 3d DCA 2016) (observing that "[t]he distinction between the Ethics Code and Evidence Code is significant because Florida courts have interpreted the Ethics Code's rule of client-lawyer confidentiality to be broader in scope than the Evidence Code's attorney-client privilege.")

Petition denied.

3